IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT SOFALY, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 23-2018 |
| | ) | |
| v. | ) | Judge Cathy Bissoon |
| | ) | |
| PORTFOLIO RECOVERY ASSOCIATES, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

-------------------------------------------------------------------------------------------------------------------

| | | |
|---|---|---|
| DAMIEN MALCOLM, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 24-53 |
| v. | ) | |
| | ) | Judge Cathy Bissoon |
| PORTFOLIO RECOVERY ASSOCIATES, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER TO SHOW CAUSE**

Plaintiffs are ordered to show cause why sanctions should not be entered in these cases, given the conduct of Plaintiffs' counsel, both prior to the initiation of litigation and since. This Show Cause Order extends only to the above-captioned cases, and it does not address or resolve any other disciplinary matters that may result from Plaintiff counsel's conduct, generally, or as relates to any other case.

A summary of the sanctionable conduct is as follows. Before these cases were filed, legal staff – on counsels' direction and under their supervision – handwrote letters to the Defendant-debt collection company, purportedly written and signed by Plaintiffs. The contents,

which fairly may be described as a script or a template, were identical, down to their specific reference to television model number "XR-65A80K."

The contents were a series of pseudo-philosophical musings and non sequiturs, characterized by Plaintiffs' counsel as "nonsensical" or "fluff."  *See, e.g.*, Hrng. Tr. (Doc. 23 in Civil Action No. 23-2018) at 39.  Nestled within was an assertion that may be interpreted as disputing the validity of the debt ("I saw that your company is reporting that I owe you a sum of money, but I just don't think that is correct.").

The contents of the script were drafted by law firm staff (again, per counsels' direction and supervision), and they bore no specific relation to Plaintiffs, or their purportedly disputed debt.  Legal staff replicated the script, in handwritten letter form; transcribed the client's date of birth and social security number; affixed/signed the client's purported signature; and sent the letter to Defendant.

The letters were submitted to this Court, in each case, as attachments to the original Complaint.  The letters were attributed to the Plaintiffs, themselves, who purportedly sent them to Defendant to "inform[ it] of the disputed nature regarding any and all alleged debts." *See, e.g.*, orig. Compl. in Civil Action No. 23-2018, Doc. 1-1 at ¶ 5; Doc. 1-1, Ex. A (ECF-banner pg. 14 of 42) (Sofaly's purported letter).

Plaintiffs' counsel appear fixated on the proposition that agency principles permitted them to draft and sign letters on their clients' behalf.  In any event, their motivations need not be inferred.  They are spelled out in the client-representation agreements:

> Client agrees to give [the] Law Firm agency to . . . send handwritten letters to the Third-Party Creditors, styled as though they were sent from the Client[, because t]his greatly increases the chances that Creditor will violate State and Federal Laws, as handwritten letters are often overlooked and cannot be scanned into and processed by software employed by creditors to detect disputes.

*See, e.g.*, Doc. 21 in Civil Action No. 23-2018 (filed under seal) at ECF-banner pg. 9 of 64 (emphasis added).

Counsels' sanctionable conduct, in the broadest sense, relates to their scheme to "entrap" or "induce" Defendant into technical violations of the FDCPA. *See* Huebner v. Midland Credit Mgmt., Inc., 85 F.Supp.3d 672, 673 (E.D.N.Y. 2015) (noting paradigm wherein "cases are brought on behalf of the same debtor-plaintiffs, who seize on the most technical alleged defects . . . . for the non-salutary purpose of squeezing a nuisance settlement," and condemning "[the] deliberate and transparent attempt[s] by a sophisticated debtor to entrap a collection company into a technical violation"). Obviously, the expected and intended result is the filing of a lawsuit under the FDCPA, which, of course, is what happened in these cases.

Plaintiffs are ordered to show cause why the aforementioned conduct is not sanctionable, specifically as relates to:

- •   Federal Rule of Civil Procedure 11(b), requiring that factual contentions enjoy evidentiary support, satisfy the implied duty of candor with the Court and are not presented for improper purpose, *id.*; *see also* Teamsters Local Union No. 430 v. Cement Express., Inc., 841 F.2d 66, 70 (3d Cir. 1988) (Rule 11 is designed to penalize abuse of district court process);

- •   the Court's inherent authority to sanction, for conduct that would violate an attorney's duties and obligations as defined by the Pennsylvania Rules of Professional Conduct (and otherwise), including, by way of example, but not limited to:

- •   Pennsylvania Rule 1.2(d), and Comment [10] thereto (prohibiting the drafting or delivering false or fraudulent documents);

- •   Pennsylvania Rule 3.1, and Comment [1] (duty not to abuse legal procedure);

- •   Pennsylvania Rule 3.3, and Comments [2], [5] & [8] (candor with the Court);

- •   Pennsylvania Rule 3.4(b) (fairness to opposing parties, including the non-falsification of evidence); and

- •   Pennsylvania Rule 8.4(c) (prohibiting conduct involving dishonesty, fraud, deceit or misrepresentation).

3

Sanctions may be imposed on any attorney, law firm or party. Absent exceptional circumstances, a law firm must be held jointly responsible for a violation committed by its partner, associate or employee. *See* Fed. R. Civ. P. 11(c)(1). Sanctions may be of a nonmonetary nature, up to and including a dismissal of the action (either with prejudice, or without prejudice to refiling with different counsel); or may be monetary, in the form of a penalty paid to the Court, Fed. R. Civ. P. 11(c)(4), or through the assessment of costs and attorney's fees pursuant to the Court's inherent authority to sanction. *See* Chambers v. NASCO, Inc., 501 U.S. 32, 55-58 (1991).[1]

Plaintiffs' deadline for filing a written response is **April 26, 2024**. If and as appropriate, the Court will establish a deadline by which Defendant may file a written reply.

IT IS SO ORDERED.

April 10, 2024                                                                 s/Cathy Bissoon
                                                                               Cathy Bissoon
                                                                               United States District Judge

cc (via ECF email notification):

All Counsel of Record

---

[1] To the extent that monetary sanctions may be imposed, the Court does not intend to enter them against Plaintiffs personally. The sanctions imposed against them – if any – will be of a non-monetary nature, entered in relation to their proceedings before the Court.